IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| William McDermet ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DIRECTV, LLC ) <br> THE DIRECTV GROUP, INC. ) <br> Nick W. Jones ) <br> David Christopher ) <br> ) <br>     Defendants ) | Case No. _____ |

## DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants DIRECTV, LLC ("DIRECTV"), The DIRECTV Group Inc., Nick Jones ("Jones") and David Christopher ("Christopher" and collectively the "Defendants") hereby remove this action from the Superior Court of the Commonwealth of Massachusetts for Essex County to the United States District Court for the District of Massachusetts, Boston Division, pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446. In support of removal, Defendants state as follows:

1.	By complaint dated May 17, 2019, Plaintiff William McDermet ("Mr. McDermet") purportedly instituted this action against the Defendants. A true and correct copy of the complaint ("Complaint") and writ of summons ("Summons") are attached hereto as Exhibit A. The Complaint has been assigned docket number 1977-cv-00714 in state court.

2.	Defendants DIRECTV and The DIRECTV Group Inc. first received a copy of the Complaint on May 16, 2019. At that time, Mr. McDermet sent an email to Kyle Steinmetz, an attorney who represents DIRECTV in certain matters arising under the Telephone Consumer

Protection Act ("TCPA"), requesting that he accept service of the Complaint.[1] After Mr. Steinmetz agreed to accept service on behalf of DIRECTV and The DIRECTV Group, Inc., Mr. McDermet sent a copy of the Complaint and Summons via letter dated May 21, 2019. The letter, Complaint and Summons were received by Mr. Steinmetz at his work address on May 30, 2019. A copy of the declaration sent by Mr. Steinmetz to Mr. McDermet attesting to his wavier of service on behalf of DIRECTV and The DIRECTV Group Inc., is attached hereto as Exhibit B.

3. Jones and Christopher first received a copy of the Complaint and Summons when a process service delivered copies to the lobby of DIRECTV's offices in El Segundo, California on June 6, 2019. Copies of the summons delivered to Jones and Christopher are attached hereto as Exhibits C and D.

4. No other proceedings have been held in the Superior Court for the County of Essex in this action and the Summons, Complaint, and waiver of process for DIRECTV and The DIRECTV Group Inc., constitute all process and pleadings served upon DIRECTV in this action. No Defendant has filed a responsive pleading to the Complaint.

5. The Complaint asserts claims against the Defendants for allegedly violating the TCPA, 47 U.S.C. § 227 and its implementing regulations. See Comp. ¶¶ 31-35. The Complaint also alleges similar claims arising under the Massachusetts state do-not-call list and the Massachusetts general consumer protection statute, Mass. Gen. Laws ch. 159C and 201 CMR 12.02(1). See Comp. ¶¶ 36-40.

6. Each of the claims arises out of the same basic facts. Mr. McDermet alleges that he registered his number on the state and federal do-not call lists. Comp. ¶ 10. Mr. McDermet claims that he nevertheless received calls on his cellular and residential telephone numbers,

---

[1] Mr. Steinmetz intends to file a pro hac vice application in this matter shortly.

including calls that he claims offered to sell him DIRECTV satellite television service. Comp. ¶¶ 11-12, 17-26.[2] Mr. McDermet further claims that he never provided his permission to receive the calls in question. *Id.*

7. Because Mr. McDermet's Complaint includes a claim against Defendants under the TCPA, this action arises under the "laws . . . of the United States" over which this Court has original jurisdiction. 28 U.S.C. § 1331. Accordingly, this action is removable to this Court under 28 U.S.C. § 1441. *See Mims v. Arrow Fin. Servs. LLC,* 565 U.S. 368 (2012).

8. To the extent that Mr. McDermet asserts claims under Massachusetts state law, this Court has supplemental jurisdiction over his claims because such claims are so related to Mr. McDermet's federal claim that they are part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367. Indeed, the state and federal claims both rely on the exact same theory—that DIRECTV violated do-not-call list requirements by making telemarketing calls to Mr. McDermet.

9. The United States District Court for the District of Massachusetts is a proper venue for removal because it is the federal judicial district in which the Complaint alleges the alleged events and/or conduct giving rise to the claims occurred. Additionally, the court where the state action was brought and is pending is located within the United States District Court for the District of Massachusetts, and therefore this is the proper district court to which the action should be removed.

10. All of the Defendants are parties to this Notice of Removal.

---

[2] There are no specific allegations as to the involvement of Jones or Christopher in the alleged conduct, other than their status as officers and directors of DIRECTV and/or The DIRECTV Group Inc.

11. Accordingly, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely and proper because thirty days have not expired since any of the Defendants received the Complaint and because all Defendants have joined in the removal.

12. Pursuant to 28 U.S.C. § 1446(d), Defendants have this same date given written notice of this filing to McDermet and will file a true and correct copy of a Notice of Filing of Notice of Removal ("Notice of Filing") with the Clerk of the Superior Court for the Commonwealth of Massachusetts, Essex County. A copy of such Notice of Filing (without attachments) is attached hereto as Exhibit E.

13. By removing this matter to this Court, Defendants do not waive their rights to assert any and all defenses and/or objections in this action.

14. The undersigned is counsel for, and is duly authorized to effect removal on behalf of, all Defendants.

WHEREFORE, Defendants respectfully request that this action be removed from the Superior Court of the Commonwealth of Massachusetts for Essex County and that this Court take jurisdiction over further proceedings.

Date:  June 13, 2019        DIRECTV, LLC
                            THE DIRECTV GROUP, INC.
                            NICK W. JONES
                            DAVID CHRISTOPHER

                            By their attorneys,

                            */s/ Steven M. Cowley*
                            Steven M. Cowley BBO #554534
                            Gina M. Puls  BBO #697122
                            Duane Morris LLP
                            100 High Street, Suite 2400
                            Boston, MA 02110-1724
                            Tel: 857-488-4261
                            Fax: 857-401-3090
                            smcowley@duanemorris.com
                            gmpuls@duanemorris.com

## **CERTIFICATE OF SERVICE**

I, Gina M. Puls, an attorney, do hereby certify that on June 13, 2019, I caused a copy of the foregoing to be served upon the following individuals by email and by certified mail:

William W. McDermet IV
4 Second Street
Ipswich, MA 01938-2128
xebec2718@gmail.com
Tel: 978-270-8669

*/s/ Gina M. Puls*
Gina M. Puls