# EXHIBIT A



William W. McDermet IV
4 Second Street
Ipswich, MA 01938-2128
xebec2718@gmail.com
978.270.8669

May 21, 2019

Atty. Kyle Steinmetz
Mayer Brown LLP
71 South Wacker Drive
Chicago, IL 60606

re: McDermet v. DirecTV
19-77-CV-714

Attorney Steinmetz:

Enclosed please find a civil complaint, cover sheet, and summons. This letter constitutes my request that you waive proper service; you had indicated by e-mail that you were willing to do so. Kindly fill out the proof of service, and return the summons to me. The Massachusetts Rules of Civil Procedure do not outline rules for waiving service. However, I suggest we follow the Federal rule, which then extends the deadline for answer to 60 days. I therefore construe the answer deadline to be July 23, 2019. Please be advised that I would not be willing to extend this date further.

Thank you,

W. McDermet

William McDermet

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 19.77.CV.714

WILLIAM MCDERMET, Plaintiff(s)

*v.*

DIRECTV, LLC
THE DIRECTV GROUP, INC, Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon WILLIAM MCDERMET, plaintiff's ~~s attorney~~, whose address is A SECOND STREET, IPSWICH, MA 01938, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at LAWRENCE either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Judith Fabricant, Esquire, at Salem, the TWENTY-FIRST day of MAY, in the year of our Lord two thousand NINETEEN

Thomas H. Driscoll Jr.
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

NOTES:

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ____________________, 20 , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. 4 (d) (1-5):

__________________________________________________________

__________________________________________________________

__________________________________________________________

Dated: , 20 . ____________________________

N.B. TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

| , 20 . |
|---|

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 19-77-CV-714

WILLIAM McDERMET
Plaintiff(s)

v.

DIRECTV, LLC
THE DIRECTV GROUP, INC.
Defendant(s)

**SUMMONS**
(Mass. R. Civ. P. 4)

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 19.77.CV.714 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

PLAINTIFF(S): WILLIAM McDERMET
ADDRESS: 4 SECOND STREET
IPSWICH, MA 01938

COUNTY: ESSEX

DEFENDANT(S): DIRECTV, LLC; THE DIRECTV GROUP, INC.; NICK JONES; DAVID CHRISTOPHER

ATTORNEY: PRO SE
ADDRESS:

ADDRESS: 2260 EAST IMPERIAL HIGHWAY
EL SEGUNDO, CA 90245

BBO: 698527

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| BH1 | VIOLATIONS OF TRADE LAWS | | [X] YES [ ] NO |

*If "Other" please describe:

Is there a claim under G.L. c. 93A? [X] YES [ ] NO

Is this a class action under Mass. R. Civ. P. 23? [ ] YES [X] NO

2019 MAY 17 AM 11:54 ... COURT

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........ $
2. Total doctor expenses ........ $
3. Total chiropractic expenses ........ $
4. Total physical therapy expenses ........ $
5. Total other expenses (describe below) ........ $

Subtotal (A): $

B. Documented lost wages and compensation to date ........ $
C. Documented property damages to date ........ $
D. Reasonably anticipated future medical and hospital expenses ........ $
E. Reasonably anticipated lost wages ........ $
F. Other documented items of damages (describe below) ........ $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F): $

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

[ ] This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

Provide a detailed description of claim(s):
VIOLATIONS OF STATE DO-NOT-CALL LAWS, M.G.L. c. 159C, 201 CMR 12.02, THE FEDERAL TELEPHONE CONSUMER PROTECTION ACT 47 US CODE 227, AND THE CONSUMER PROTECTION ACT.

TOTAL: $ 318,500.00

Signature of Attorney/ Unrepresented Plaintiff: X [signature]

Date: 5/17/19

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

NONE

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X

Date:

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO: 19-77-CV-714

WILLIAM MCDERMET

Plaintiff

v.

DIRECTV, LLC
THE DIRECTV GROUP, INC
NICK W. JONES
DAVID CHRISTOPHER

Defendant

FILED
ESSEX SUPERIOR COURT
2019 MAY 17 A 11:54

## COMPLAINT AND JURY DEMAND

1. This is a civil action for damages based on the defendant's violations of: the Federal Telephone Consumer Protection Act (47 U.S. Code § 227); Massachusetts's Telemarketing Solicitation statute (M.G.L.c. 159C); and the Massachusetts Consumer Protection Act (M.G.L. c. 93A).

## THE PARTIES

2. Plaintiff, WILLIAM MCDERMET, is a natural person residing currently and at all times relevant to this action in Ipswich, Essex County, Massachusetts.

3. Defendant DirecTV, LLC is a limited liability company registered with the Secretary of State of the Commonwealth of Massachusetts, organized under the laws of California, and headquartered at 2260 E. Imperial Highway, El Segundo, CA 90245.

4. Defendant The DirecTV Group, Inc. is a corporation registered with the Secretary of State of the Commonwealth of Massachusetts, organized under the laws of Delaware, and headquartered at 2260 E. Imperial Highway, El Segundo, CA 90245.

5. Nick W. Jones is registered with the Secretary of State of the Commonwealth of Massachusetts as the manager of DirecTV, LLC, and as a director of The DirecTV Group, Inc.

6. David Christopher is registered with the Secretary of State of the Commonwealth of Massachusetts as the President of The DirecTV Group, Inc.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the causes of action alleged in this Verified Complaint because the defendants have had sufficient contact with Massachusetts in connection with the causes of action alleged in this Verified Complaint pursuant to G.L. c. 223A, § 3, and c. 93A.

8. The Plaintiff has been a Massachusetts resident at all times during the events enumerated in this Complaint.

9. Venue is appropriate because the violations complained of all occurred in Essex County, Massachusetts.

## STATEMENT OF FACTS

10. Plaintiff registered his residential home telephone number (978-356-0256) and cellular telephone number (978-270-8669) with both the State and Federal Do-Not-Call Registries on August 16, 2003, and January 28, 2010, respectively, in accordance with G.L. c. 159C, 201 CR 12.05, 47 U.S. Code 227 (the Telephone Consumer Protection Act), and 16 C.F.R. § 310.4(b)(1)(iii)(B).

11. On twenty-five occasions Defendants, or their agent, telephoned Plaintiff on his cellular phone (978-270-8669).

| Date | Time | Caller's Number |
|---|---|---|
| 2/8/18 | 11:36:02 | 800-778-4191 |
| 3/19/18 | 10:09:04 | 630-364-3184 |
| 3/22/18 | 18:15:16 | 630-364-3184 |
| 5/8/18 | 20:14:44 | 833-228-5926 |
| 5/31/18 | 15:45:18 | 828-296-2252 |
| 6/4/18 | 18:32:07 | 910-360-3719 |
| 6/9/18 | 15:27:06 | 252-939-9085 |
| 7/2/18 | 16:50:58 | 304-465-5518 |
| 8/1/18 | 19:44:58 | 800-531-5000 |
| 8/10/18 | 19:03:28 | 844-324-9081 |
| 10/2/18 | 12:29:59 | 650-985-5431 |
| 10/11/18 | 14:42:27 | 978-270-5356 |
| 11/2/18 | 16:28:03 | 844-324-6297 |
| 11/9/18 | 16:48:36 | 844-324-6297 |
| 11/19/18 | 14:08:59 | 844-324-6297 |
| 11/30/18 | 14:26:52 | 844-324-6297 |
| 12/21/18 | 10:22:28 | 347-394-4487 |
| 1/3/19 | 15:44:32 | 341-318-0462 |
| 1/11/19 | 12:22:49 | 978-270-2270 |

| | | |
|---|---|---|
| 1/25/19 | 19:08:56 | 806-370-6440 |
| 1/31/19 | 17:29:49 | 481-558-8675 |
| 2/4/19 | 18:03:55 | 888-312-2135 |
| 2/28/19 | 12:20:06 | 312-216-0072 |
| 4/30/19 | 19:56:26 | 10000000000 |
| 5/3/19 | 17:36:33 | 398-844-5368 |

12. On twenty-seven occasions, Defendant, or their agent, telephoned Plaintiff on his residential landline (978-356-0256).

| Date | Time | Caller's Number |
|---|---|---|
| 3/3/18 | 13:44:14 | 508-617-5554 |
| 4/5/18 | 12:42:29 | 800-206-1132 |
| 6/1/18 | 14:33:39 | 252-516-5217 |
| 6/2/18 | 17:25:23 | 910-360-3719 |
| 6/4/18 | 14:59:53 | 310-360-3719 |
| 6/14/18 | 18:39:39 | null |
| 7/9/18 | 15:56:48 | 844-891-6532 |
| 7/9/18 | 18:53:17 | null |
| 7/12/18 | 18:00:05 | null |
| 7/31/18 | 18:29:43 | 844-324-9081 |
| 8/1/18 | 13:49:59 | 844-324-9081 |
| 8/10/18 | 17:37:32 | 844-324-9081 |
| 9/6/18 | 16:41:32 | 844-324-9081 |
| 9/21/18 | 15:55:23 | 844-324-9081 |
| 9/25/18 | 14:58:25 | 844-324-9081 |
| 10/3/18 | 13:49:26 | 844-324-9081 |
| 10/5/18 | 16:46:08 | 844-324-6297 |
| 10/30/18 | 12:29:05 | 844-324-6297 |
| 10/30/18 | 17:20:55 | 844-324-6297 |
| 10/30/18 | 18:02:27 | 844-324-6297 |
| 11/5/18 | 18:37:29 | 800-288-2020 |
| 11/6/18 | 11:56:07 | 844-324-6297 |
| 11/23/18 | 13:59:58 | 800-288-2020 |
| 1/25/19 | 19:21:56 | 254-262-3112 |
| 2/12/19 | 15:38:51 | 305-809-7131 |
| 3/27/19 | 16:38:53 | 978-356-7186 |
| 5/10/19 | 12:25:01 | 10000000000 |

13. Plaintiff recorded these calls.

14. Thirteen of these calls began with a mechanical or recorded voice, which asked if Plaintiff needed cable television services.

15. For three of these calls, Plaintiff's caller ID read 'unavailable'.

16. For two of these calls, Plaintiff's caller ID read '10000000000'.

17. During some of these calls, Plaintiff indicated to the caller that he was interested in these services. These persons stated that they were with DirecTV. Plaintiff informed these persons that the calls were violations of State and Federal Do-Not-Call laws.

18. On several of the above occasions when Plaintiff spoke with a live person, that person did not know Plaintiff's name.

19. During the call on March 3, 2018, Plaintiff informed the caller that his call was a violation of State and Federal Do-Not-Call laws. The caller stated that the calls were "made automatically".

20. During the call on June 2, 2018, the caller originally stated he was selling "satellite TV services". Plaintiff asked the caller for the name of his company. The caller stated "AT&T/DirecTV". Plaintiff gave the caller the name Gary Marks, and, after the caller asked to run a credit check, an expired credit card number, and false Social Security Number. On June 4, 2018, the same person called Plaintiff, asked for Gary Marks, and stated that Mr. Marks' credit score did not qualify him for services. Plaintiff informed the caller that Plaintiff had fabricated that name, to prove that the caller was violating State and Federal Do-Not-Call laws. Plaintiff asked for the caller's company address, which the caller refused to give, telling Plaintiff "I'm not

afraid of you, so shut up". Plaintiff specifically directed the caller that he was forbidden from calling Plaintiff, and that Plaintiff was registered with the Do-Not-Call registries.

21. Three hours later on June 4, 2018, Plaintiff received a call from "satellite TV services". Plaintiff asked the caller for his company's address. The caller then terminated the call.

22. On June 9, 2018, Plaintiff received a letter from DirecTV, dated June 6, 2018, addressed to Gary Marks, informing Mr. Marks that DirecTV could not provide services to him, because they could not verify his identity.

23. During the call on July 9, 2018, at 3:56 p.m., the caller stated that he was calling from "Comcast". Then, the caller "searched for the best price", and then informed Plaintiff that DirecTV was the best value for Plaintiff. Plaintiff informed caller that he was violating State and Federal Do-Not-Call laws. Three hours later, Plaintiff received another call with exactly the same script. Plaintiff's caller ID for this call read "unavailable".

24. On July 31, 2018, that caller also claimed he was calling from "Comcast", then followed the same script as on July 9, 2018. During that call, Plaintiff informed the caller that the call was a violation of the law. The caller replied "I will keep calling you."

25. During the call on January 25, 2019, Plaintiff asked the caller for the name of his company. The caller stated "AT&T/DirecTV". Plaintiff gave the caller the name Wayne Cullerson, and, after the caller asked to run a credit check, an expired credit card number, and false Social Security Number. On January 31, 2019, Plaintiff received a letter from DirecTV, dated January 28, 2018, addressed to Wayne Cullerson, informing Mr. Cullerson that DirecTV could not provide services to him, because they could not verify his identity.

26. On August 10, 2018, Plaintiff redialed the number from which he had just received a solicitation call for DirecTV, 844-324-9081. The person who answered stated that his company was "TV For Less". He gave an address in Gurachee, Florida, which appears to be that of a veterinarian. Plaintiff informed the caller that these calls were violations of the law.

27. During several of these calls, Plaintiff informed the caller that he was violating State and Federal Do-Not-Call laws. During several of those calls, the caller stated that he would place Plaintiff's number on his company's do-not-call list.

28. The numbers shown on Plaintiff's caller identification for all of these calls could not be redialed.

29. At no time did Plaintiff give Defendant or their agent express written permission to call either of his telephone numbers.

30. On February 11, 2019, Plaintiff sent a letter to Defendant demanding that Defendant stop calling him, and that Defendant provide him with the name of a lead generator who had initiated any of these calls. Defendant received this letter via certified mail on February 20, 2019. Five of the above noted calls were made after that date.

---

**COUNT I**

**VIOLATIONS OF FEDERAL DO-NOT-CALL LAWS**

31. Plaintiff incorporates by reference all other paragraphs of this Complaint numbered 1-30 as if fully set forth herein.

32. Defendant on twenty-five occasions knowingly and intentionally violated 47 U.S. Code § 227(b)(1)(A)(iii) by calling Plaintiff's cellular telephone number, which was and is registered with the State and Federal Do-Not-Call Registries, those calls not being made to collect a debt, and without Plaintiff's express written permission.

33. Defendant on twenty-seven occasions knowingly and intentionally violated 47 CFR § 64.1200(c)(2) – and therefore 47 U.S. Code § 227(c)(3)(G) – by calling Plaintiff's residential telephone number, which was and is registered with the State and Federal Do-Not-Call Registries, and after being notified by Plaintiff that he did not wish to be called, those calls not being made to collect a debt, and without Plaintiff's express written permission.

34. Defendants or their agents on all fifty-two of the above noted occasions knowingly and intentionally violated 47 U.S. Code § 227(b)(1)(A)(iii) and 47 CFR 64.1200(a)(1)(iii) and (2) by calling Plaintiff's cellular telephone number, which was registered with the State and Federal Do-Not-Call Registries, using an automatic telephone dialing system.

35. Defendants or their agents on thirteen of the above noted occasions knowingly and intentionally violated 47 U.S. Code § 227(b)(1)(B), and 47 CFR 64.1200(a)(1)(iii) and (2) by using an artificial or prerecorded voice when calling Plaintiff's cellular telephone line.

## COUNT II

## VIOLATIONS OF THE MASSACHUSETTS DO-NOT-CALL STATUTE M.G.L. c. 159C AND THE MASSACHUSETTS CONSUMER PROTECTION ACT

36. Plaintiff incorporates by reference all other paragraphs of this Complaint numbered 1-35 as if fully set forth herein.

37. Defendant on fifty-two occasions knowingly and intentionally violated M.G.L.c.159C§3(i) and 201 CMR 12.02(1) by calling Plaintiff's cellular telephone number or home residential telephone number, which were and are registered with the State and Federal Do-Not-Call Registries, those calls not being regarding a debt, and without Plaintiff's express written permission.

38. Defendant on thirteen occasions knowingly and intentionally violated M.G.L.c.159C§3(iv) and 201 CMR 12.02(4) by using a recorded message.

39. Defendant on five occasions knowingly and intentionally violated M.G.L.c.159C§4 and 201 CMR 12.02(5) by blocking Plaintiff's caller identification device.

40. All of the above acts constituted a violation of the Massachusetts Consumer Protection Act, M.G.L.c.93A, being unfair and deceptive acts.

**WHERFORE**, Plaintiff requests that this honorable Court:

A. Enter judgment against Defendant on all counts;

B. Award damages in the amount of $58,500 for the 117 violations enumerated in Count I: $500 for each as a violation of Federal law per 47 U.S. Code §§ 227(b)(3)(B) and 227(c)(5)(B), including violations of 47 CFR § 64.1200(c)(2);

C. Award damages in the amount of $260,000 for the 52 violations in Count II: $5,000 for each as a violation of Massachusetts law per M.G.L.c.159C §5(b)(2);

D. Award damages to Plaintiff for violations of M.G.L. c. 93A, as outlined in this Complaint;

E. Award damages to Plaintiff and double or treble all such damages, as applicable and as the court deems appropriate, pursuant to the provisions of M.G.L. c. 93A §2, and 47 U.S. Code § 227;

F. Award Plaintiff costs of suit; and

G. Issue a Permanent Injunctive Order enjoining Defendant from ever contacting Plaintiff by telephone, at his home or cellular telephone numbers, as allowed by 47 U.S. Code §§ 227(c)(5)(A) and 227(b)(3)(A).

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL CLAIMS SO TRIABLE**

By William McDermet, pro se

[signature]

William McDermet
4 Second Street
Ipswich, MA 01938
978.270.8669
xebec2718@gmail.com
BBO # 698527