IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM MCDERMET<br><br>    Plaintiff<br><br>v.<br><br>DIRECTV, LLC<br>THE DIRECTV GROUP, INC<br>NICK W. JONES<br>DAVID CHRISTOPHER<br><br>    Defendant | C.A. No. 1:19-cv-11322-FDS |

## FIRST AMENDED COMPLAINT AND JURY DEMAND

1. This is a civil action for damages based on the defendant's violations of: the Federal Telephone Consumer Protection Act (47 U.S. Code § 227); Massachusetts's Telemarketing Solicitation statute (M.G.L.c. 159C); and the Massachusetts Consumer Protection Act (M.G.L. c. 93A).

## THE PARTIES

2. Plaintiff, WILLIAM MCDERMET, is a natural person residing currently and at all times relevant to this action in Ipswich, Essex County, Massachusetts.

1

3. Defendant DirecTV, LLC is a limited liability company registered with the Secretary of State of the Commonwealth of Massachusetts, organized under the laws of California, and headquartered at 2260 E. Imperial Highway, El Segundo, CA 90245.

4. Defendant The DirecTV Group, Inc. is a corporation registered with the Secretary of State of the Commonwealth of Massachusetts, organized under the laws of Delaware, and headquartered at 2260 E. Imperial Highway, El Segundo, CA 90245.

5. Nick W. Jones is registered with the Secretary of State of the Commonwealth of Massachusetts as the manager of DirecTV, LLC, and as a director of The DirecTV Group, Inc.

6. David Christopher is registered with the Secretary of State of the Commonwealth of Massachusetts as the President of The DirecTV Group, Inc.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over the causes of action alleged in this Verified Complaint because the defendants have had sufficient contact with Massachusetts in connection with the causes of action alleged in this Verified Complaint pursuant to G.L. c. 223A, § 3, and c. 93A.

8. The Plaintiff has been a Massachusetts resident at all times during the events enumerated in this Complaint.

9. Venue is appropriate because the violations complained of all occurred in Essex County, Massachusetts.

## STATEMENT OF FACTS

10.     Plaintiff registered his residential home telephone number (978-356-0256) and cellular telephone number (978-270-8669) with both the State and Federal Do-Not-Call Registries on August 16, 2003, and January 28, 2010, respectively, in accordance with G.L. c. 159C, 201 CR 12.05, 47 U.S. Code 227 (the Telephone Consumer Protection Act), and 16 C.F.R. § 310.4(b)(1)(iii)(B).

11.     On twenty-eight occasions Defendants, or their agent, telephoned Plaintiff on his cellular phone (978-270-8669).

| Date | Time | Caller's Number |
|---|---|---|
| 2/8/18 | 11:36:02 | 800-778-4191 |
| 3/19/18 | 10:09:04 | 630-364-3184 |
| 3/22/18 | 18:15:16 | 630-364-3184 |
| 5/8/18 | 20:14:44 | 833-228-5926 |
| 5/31/18 | 15:45:18 | 828-296-2252 |
| 6/4/18 | 18:32:07 | 910-360-3719 |
| 6/9/18 | 15:27:06 | 252-939-9085 |
| 7/2/18 | 16:50:58 | 304-465-5518 |
| 8/1/18 | 19:44:58 | 800-531-5000 |
| 8/10/18 | 19:03:28 | 844-324-9081 |
| 10/2/18 | 12:29:59 | 650-985-5431 |
| 10/11/18 | 14:42:27 | 978-270-5356 |
| 11/2/18 | 16:28:03 | 844-324-6297 |
| 11/9/18 | 16:48:36 | 844-324-6297 |
| 11/19/18 | 14:08:59 | 844-324-6297 |
| 11/30/18 | 14:26:52 | 844-324-6297 |
| 12/21/18 | 10:22:28 | 347-394-4487 |
| 1/3/19 | 15:44:32 | 341-318-0462 |
| 1/11/19 | 12:22:49 | 978-270-2270 |
| 1/25/19 | 19:08:56 | 806-370-6440 |
| 1/31/19 | 17:29:49 | 481-558-8675 |
| 2/4/19 | 18:03:55 | 888-312-2135 |
| 2/28/19 | 12:20:06 | 312-216-0072 |
| 4/30/19 | 19:56:26 | 10000000000 |

| Date | Time | Caller's Number |
|---|---|---|
| 5/3/19 | 17:36:33 | 398-844-5368 |
| 5/23/19 | 18:25:38 | 888-736-0980 |
| 5/25/19 | 14:41:38 | 800-526-2655 |
| 6/11/19 | 12:53:07 | 225-276-1918 |

12.     On twenty-nine occasions, Defendant, or their agent, telephoned Plaintiff on his residential landline (978-356-0256).

| Date | Time | Caller's Number |
|---|---|---|
| 3/3/18 | 13:44:14 | 508-617-5554 |
| 4/5/18 | 12:42:29 | 800-206-1132 |
| 6/1/18 | 14:33:39 | 252-516-5217 |
| 6/2/18 | 17:25:23 | 910-360-3719 |
| 6/4/18 | 14:59:53 | 310-360-3719 |
| 6/14/18 | 18:39:39 | null |
| 7/9/18 | 15:56:48 | 844-891-6532 |
| 7/9/18 | 18:53:17 | null |
| 7/12/18 | 18:00:05 | null |
| 7/31/18 | 18:29:43 | 844-324-9081 |
| 8/1/18 | 13:49:59 | 844-324-9081 |
| 8/10/18 | 17:37:32 | 844-324-9081 |
| 9/6/18 | 16:41:32 | 844-324-9081 |
| 9/21/18 | 15:55:23 | 844-324-9081 |
| 9/25/18 | 14:58:25 | 844-324-9081 |
| 10/3/18 | 13:49:26 | 844-324-9081 |
| 10/5/18 | 16:46:08 | 844-324-6297 |
| 10/30/18 | 12:29:05 | 844-324-6297 |
| 10/30/18 | 17:20:55 | 844-324-6297 |
| 10/30/18 | 18:02:27 | 844-324-6297 |
| 11/5/18 | 18:37:29 | 800-288-2020 |
| 11/6/18 | 11:56:07 | 844-324-6297 |
| 11/23/18 | 13:59:58 | 800-288-2020 |
| 1/25/19 | 19:21:56 | 254-262-3112 |
| 2/12/19 | 15:38:51 | 305-809-7131 |
| 3/27/19 | 16:38:53 | 978-356-7186 |
| 5/10/19 | 12:25:01 | 10000000000 |
| 6/3/19 | 18:38:06 | 646-323-4510 |
| 7/5/19 | 15:23:28 | 978-356-7748 |

13.     Plaintiff recorded these calls.

14.     Thirteen of these calls began with a mechanical or recorded voice, which asked if Plaintiff needed cable television services.

15.     For three of these calls, Plaintiff's caller ID read 'unavailable'.

16.     For two of these calls, Plaintiff's caller ID read '10000000000'.

17.     During some of these calls, Plaintiff indicated to the caller that he was interested in these services.  These persons stated that they were with DirecTV.  Plaintiff informed these persons that the calls were violations of State and Federal Do-Not-Call laws.

18.     On several of the above occasions when Plaintiff spoke with a live person, that person did not know Plaintiff's name.

19.     During the call on March 3, 2018, Plaintiff informed the caller that his call was a violation of State and Federal Do-Not-Call laws.  The caller stated that the calls were "made automatically".

20.     During the call on June 2, 2018, the caller originally stated he was selling "satellite TV services".  Plaintiff asked the caller for the name of his company.  The caller stated "AT&T/DirecTV".  Plaintiff gave the caller the name Gary Marks, and, after the caller asked to run a credit check, an expired credit card number, and false Social Security Number.  On June 4, 2018, the same person called Plaintiff, asked for Gary Marks, and stated that Mr. Marks' credit score did not qualify him for services.  Plaintiff informed the caller that Plaintiff had fabricated that name, to prove that the caller was violating State and Federal Do-Not-Call laws.  Plaintiff asked for the caller's company address, which the caller refused to give, telling Plaintiff "I'm not

afraid of you, so shut up". Plaintiff specifically directed the caller that he was forbidden from calling Plaintiff, and that Plaintiff was registered with the Do-Not-Call registries.

21. Three hours later on June 4, 2018, Plaintiff received a call from "satellite TV services". Plaintiff asked the caller for his company's address. The caller then terminated the call.

22. On June 9, 2018, Plaintiff received a letter from DirecTV, dated June 6, 2018, addressed to Gary Marks, informing Mr. Marks that DirecTV could not provide services to him, because they could not verify his identity.

23. During the call on July 9, 2018, at 3:56 p.m., the caller stated that he was calling from "Comcast". Then, the caller "searched for the best price", and then informed Plaintiff that DirecTV was the best value for Plaintiff. Plaintiff informed caller that he was violating State and Federal Do-Not-Call laws. Three hours later, Plaintiff received another call with exactly the same script. Plaintiff's caller ID for this call read "unavailable".

24. On July 31, 2018, that caller also claimed he was calling from "Comcast", then followed the same script as on July 9, 2018. During that call, Plaintiff informed the caller that the call was a violation of the law. The caller replied "I will keep calling you."

25. During the call on January 25, 2019, Plaintiff asked the caller for the name of his company. The caller stated "AT&T/DirecTV". Plaintiff gave the caller the name Wayne Cullerson, and, after the caller asked to run a credit check, an expired credit card number, and false Social Security Number. On January 31, 2019, Plaintiff received a letter from DirecTV, dated January 28, 2018, addressed to Wayne Cullerson, informing Mr. Cullerson that DirecTV could not provide services to him, because they could not verify his identity.

26. On August 10, 2018, Plaintiff redialed the number from which he had just received a solicitation call for DirecTV, 844-324-9081. The person who answered stated that his company was "TV For Less". He gave an address in Gurachee, Florida, which appears to be that of a veterinarian. Plaintiff informed the caller that these calls were violations of the law.

27. During several of these calls, Plaintiff informed the caller that he was violating State and Federal Do-Not-Call laws. During several of those calls, the caller stated that he would place Plaintiff's number on his company's do-not-call list.

28. The numbers shown on Plaintiff's caller identification for all of these calls, except the call on August 10, 2018, could not be redialed.

29. At no time did Plaintiff give Defendant or their agent express written permission to call either of his telephone numbers.

30. On February 11, 2019, Plaintiff sent a letter to Defendant demanding that Defendant stop calling him, and that Defendant provide him with the name of a lead generator who had initiated any of these calls. Defendant received this letter via certified mail on February 20, 2019. Five of the above noted calls were made after that date.

## COUNT I

## VIOLATIONS OF FEDERAL DO-NOT-CALL LAWS

31.     Plaintiff incorporates by reference all other paragraphs of this Complaint numbered 1-30 as if fully set forth herein.

32.     Defendant on twenty-eight occasions knowingly and intentionally violated 47 U.S. Code § 227(b)(1)(A)(iii) by calling Plaintiff's cellular telephone number, which was and is registered with the State and Federal Do-Not-Call Registries, those calls not being made to collect a debt, and without Plaintiff's express written permission.

33.     Defendant on twenty-nine occasions knowingly and intentionally violated 47 CFR § 64.1200(c)(2) – and therefore 47 U.S. Code § 227(c)(3)(G) – by calling Plaintiff's residential telephone number, which was and is registered with the State and Federal Do-Not-Call Registries, and after being notified by Plaintiff that he did not wish to be called, those calls not being made to collect a debt, and without Plaintiff's express written permission.

34.     Defendants or their agents on all fifty-seven of the above noted occasions knowingly and intentionally violated 47 U.S. Code § 227(b)(1)(A)(iii) and 47 CFR 64.1200(a)(1)(iii) and (2) by calling Plaintiff's telephone numbers, which were registered with the State and Federal Do-Not-Call Registries, using an automatic telephone dialing system.

35.     Defendants or their agents on fourteen of the above noted occasions knowingly and intentionally violated 47 U.S. Code § 227(b)(1)(B), and 47 CFR 64.1200(a)(1)(iii) and (2) by using an artificial or prerecorded voice when calling Plaintiff's cellular telephone line.

## COUNT II

### VIOLATIONS OF THE MASSACHUSETTS DO-NOT-CALL STATUTE M.G.L. c. 159C AND THE MASSACHUSETTS CONSUMER PROTECTION ACT

36.     Plaintiff incorporates by reference all other paragraphs of this Complaint numbered 1-35 as if fully set forth herein.

37.     Defendant on fifty-seven occasions knowingly and intentionally violated M.G.L.c.159C§3(i) and 201 CMR 12.02(1) by calling Plaintiff's cellular telephone number or home residential telephone number, which were and are registered with the State and Federal Do-Not-Call Registries, those calls not being regarding a debt, and without Plaintiff's express written permission.

38.     Defendant on fourteen occasions knowingly and intentionally violated M.G.L.c.159C§3(iv) and 201 CMR 12.02(4) by using a recorded message.

39.     Defendant on fifty-six occasions knowingly and intentionally violated M.G.L.c.159C§4 and 201 CMR 12.02(5) by blocking Plaintiff's caller identification device.

40.     All of the above acts constituted a violation of the Massachusetts Consumer Protection Act, M.G.L.c.93A, being unfair and deceptive acts.

**WHERFORE**, Plaintiff requests that this honorable Court:

A.      Enter judgment against Defendant on all counts;

B.      Award damages in the amount of $64,000 for the 128 violations enumerated in Count I: $500 for each as a violation of Federal law per 47 U.S. Code §§ 227(b)(3)(B) and 227(c)(5)(B), including violations of 47 CFR § 64.1200(c)(2);

    C.    Award damages in the amount of $285,000 for the 57 violations in Count II: $5,000 for each as a violation of Massachusetts law per M.G.L.c.159C §5(b)(2);

    D.    Award damages to Plaintiff for violations of M.G.L. c. 93A, as outlined in this Complaint;

    E.    Award damages to Plaintiff and double or treble all such damages, as applicable and as the court deems appropriate, pursuant to the provisions of M.G.L. c. 93A §2, and 47 U.S. Code § 227;

    F.    Award Plaintiff costs of suit; and

    G.    Issue a Permanent Injunctive Order enjoining Defendant from ever contacting Plaintiff by telephone, at his home or cellular telephone numbers, as allowed by 47 U.S. Code §§ 227(c)(5)(A) and 227(b)(3)(A).

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL CLAIMS SO TRIABLE**

By William McDermet, pro se

/s/  William McDermet
William McDermet
4 Second Street
Ipswich, MA 01938
978.270.8669
xebec2718@gmail.com