IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM MCDERMET,<br><br>              Plaintiff,<br><br>   vs.<br><br>DIRECTV, LLC<br>THE DIRECTV GROUP, INC.<br>              Defendant. | C.A. No. 1:19-cv-11322-FDS |

### **DEFENDANTS' MOTION AND MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Evidence submitted in support of a motion for summary judgment must be ultimately admissible. *Bennett v. Saint–Gobain Corp.,* 507 F.3d 23, 28 (1st Cir. 2007). But the majority of evidence submitted by William McDermet ("McDermet") in support of his motion for summary judgment—most notably transcripts that purport to be of calls McDermet received from telemarketers—suffer from a series of evidentiary deficiencies and must be excluded.

*First,* the transcripts are hearsay to the extent McDermet offers them to prove the truth of the matter asserted by the unknown callers. All of the conversations contained in the transcripts constitute an unsworn statement made out-of-court and McDermet made no attempt to lay any foundation to show how they fit within a hearsay exception.

*Second,* the transcripts were illegally obtained. Massachusetts is a two-party consent state, which means a party to a telephone call cannot secretly record the telephone calls without violating the law. McDermet made no attempt to comply with the law, and exclusion of the recordings and accompanying transcript is an appropriate sanction for his ongoing misconduct.

1

In addition to the inadmissible transcripts, McDermet supports a number factual allegations with citations only to his Amended Complaint. A party's pleadings are not admissible evidence in support of that party's own claims and thus the allegations of the Amended Complaint cannot be considered on summary judgment.[1]

## ARGUMENT

**I.    The Transcripts Submitted By McDermet Should Be Excluded**

The bulk of McDermet's facts in support of his motion for summary judgment are supported by nearly sixty transcripts that purport to be of calls that McDermet received from telemarketers. *See* Plaintiff's Statement of Facts ¶¶ 2-5, 8, 10-18, 20-25, 28-29. McDermet provides limited sworn testimony to support the admission of those transcripts. Instead, he simply says that he recorded calls, had transcripts prepared and then reviewed the transcripts for their accuracy and asks the Court to accept those transcripts as evidence. McDermet Decl. ¶ 5.

**A.    The Transcripts Are Hearsay To The Extent They Are Submitted For The Truth Of The Matter Asserted.**

McDermet relies on the transcripts as his only support for the truth of two facts allegedly communicated on the calls. First, McDermet attempts to use the recordings to show the individuals he talked to were affiliated with DIRECTV. *See* Statement of Facts ¶¶ 8, 10, 12-18, 20. Second, McDermet attempts to use the recordings to show the callers admitted to using an autodialer. Statement of Facts ¶¶ 23-24, 28. This is an improper use of hearsay evidence, and those paragraphs of McDermet's statement of facts relying on such hearsay should be stricken.

There are two elements to hearsay—that the declarant did not make the statement while testifying under oath at the current trial or hearing and that the statement is offered to prove the

---

[1] Of course, pleadings may contain an admissible party admission when used *against* the party who drafted them.

truth of the matter asserted. Fed. R. of Evid. 801(c). A taped conversation falls clearly within the scope of the hearsay rule when one party to the conversation attempts to offer the statements of the absent participant for the truth of the matter asserted. *U.S. v. Camuti,* 78 F.3d 738, 743 (1st Cir. 1996).

Here, both elements of the hearsay rule are clearly satisfied. None of the telemarketers McDermet claims he spoke to submitted any affidavits or other evidence affirming what they allegedly said on the calls. That may not prevent McDermet from using the recordings for limited purposes unrelated to the truth of the matter asserted (had they been lawfully made), such as using them to prove the existence of calls he received, or the phone line on which he received calls. *See* Statement of Facts ¶¶ 2-3. But, as described above, McDermet relies on the recordings for more substantive purposes, including the only alleged support for his contention that the telemarketers worked for DIRECTV and used an autodialer. That is rank hearsay and merits exclusion.

McDermet may try to argue that the statements in the recordings constitute party admissions and are thus not hearsay. However, he bears the burden of the laying the foundation to show that this exception to the hearsay rule applies. *Bacou Dalloz USA Inc. v. Continental Polymers, Inc.,* 344 F.3d 22, 29 n.5 (1st Cir. 2003). Under Fed. R. of Evid. 801(d)(2), this means he must show either DIRECTV authorized the statement, or that the speaker acted as DIRECTV's agent and was within the scope of the agency at the time he made the statement. But McDermet makes no attempt to do either and does not even lay the foundation to identify the speaker in question. To the contrary, DIRECTV submitted extensive evidence showing any third-party independent retailers that may have contacted him were not authorized to hold themselves out as DIRECTV, did not act as DIRECTV's agents, and were not authorized to engage in any

telemarketing on DIRECTV's behalf. *See* DIRECTV's Cross-Motion for Summary Judgment at 3-5.

### B. The Transcripts Were Illegally Obtained.

The court should also strike all statement of facts that rely on the transcripts as a sanction for McDermet illegally obtaining those recordings. The recordings violate Massachusetts law (where McDermet resides), since the Commonwealth prohibits secretly recording a conversation (whether by telephone or otherwise) without the consent of all of the parties. Mass. Gen. Law. ch. 272 § 99(c)(1).[2] McDermet readily admits that he secretly records all of his phone calls from the start of the call, without informing individuals that they are being taped with the intent of using the evidence in later litigation. McDermet Dep. 66-69 (attached hereto as Exhibit A). He even concedes that it is "possible" he is violating relevant two-party consent laws when applicable, like the ones in Massachusetts. *Id.*

The question, then, is what the appropriate remedy is for McDermet's misconduct. It is true that illegally obtained evidence is not automatically excluded under the civil rules of evidence. *London Sire Records v. Doe 1,* 2009 WL 10728828, at * 2 (D. Mass. Jan. 9, 2009). However, the Court retains broad latitude to exclude evidence as a sanction for unlawful conduct. *McGuire v. Acufax Microsurgical Inc.,* 175 F.R.D. 149, 153 (D. Mass. 1997) (court has the inherent power to exclude evidence as a sanction for misconduct). Here, Massachusetts law makes it a misdemeanor to disclose or to use illegally recorded conversations, provisions that are presumably triggered by the admission of the recordings into evidence. Mass Gen. Law. ch. 272 §99(c)(3).

---

[2] This court has held the Commonwealth's wiretapping statute is unconstitutional as applied to the videotaping of police conduct, but the statute remains in effect as to private conversations like the ones at issue here. *Martin v. Gross,* 340 F. Supp. 3d 87, 92 (D. Mass. 2018).

4

McDermet is a licensed attorney.³ McDermet Dep. (Ex. A) at 7-8. On the side, he runs a lucrative business filing TCPA complaints. McDermet Response to Interrogatory No. 5 (attached hereto as Ex. B). To facilitate those lawsuits, McDermet has elected to ignore the law and record conversations in clear violation of Massachusetts law. Doing so violates the privacy not just of the telemarketers who call him, but anyone else who dials his number, including tenants and lawyers he works with though his job at a Massachusetts state housing court. McDermet Dep. (Ex. A) at 66-68. McDermet shows no sign of voluntarily conforming his conduct to the law, and excluding the ill-gotten evidence is thus an appropriate sanction to ensure compliance with the law in this and future proceedings.

## II. McDermet Cannot Support His Motion For Summary Judgment With Citations To The Allegations Of His Complaint.

McDermet also purports to support several of the statements of facts relied on his motion for summary judgment by citing to his Amended Complaint. McDermet Statement of Facts ¶¶ 1-7, 13-15, 17-23. But "the complaint is not admissible evidence and is not an appropriate source of authority for summary judgment." *Reed v LePage Bakeries,* 2000 WL 761626, at *1 n.2 (D. Me. Feb. 29, 2000). Statements of facts supported only by the Amended Complaint, then, cannot be considered. *Id.* Paragraphs 6 and 7 of McDermet's Statement of Facts should be stricken, as should any arguments that rely on those paragraphs in McDermet's briefing.⁴ And to the extent the Court excludes the recordings for the reasons set forth above, paragraphs 2-5, 13-15 and 17-23 of the Statement of Facts would have no remaining factual support and should be stricken,

---

³ Mass. Rules of Prof. Conduct 4.4 (a) states: "In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person."

⁴ The operative Amended Complaint in this matter has not been verified such that the Court can treat it as the functional equivalent of an affidavit. *Sheinkopf v. Stone*, 927 F.2d 1259, 1262 (1st Cir. 1991).

## CONCLUSION

DIRECTV respectfully requests that the Court strike the following paragraphs of McDermet's Statement of Facts:

- 2-3, 5, 8, 10-18; 20-24, and 28-29, for their reliance on illegally obtained evidence;

- 8, 10, 12-18, and 20 for their reliance of hearsay statements that allegedly show telemarketers were affiliated with DIRECTV;

- 23-24 and 28 for their reliance on the use of hearsay statements that allegedly show telemarketers used an autodialer;

- 1-7, 9, 11, 13-15, 17-20, 22-23, and 25 for relying on citations to the amended complaint instead of to admissible evidence.

DIRECTV requests that the Court strike the following exhibits to McDermet's declaration:

- Exs. 2-58 and 63-67 for the reliance on illegally obtained evidence and to the extent offered for the truth of the matter asserted.

Dated this 18th day of May, 2020

DEFENDANTS, by their attorneys

/s/ Kyle J. Steinmetz

Steven M. Cowley BBO # 55434
Gina M. Puls BBO # 697122
Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
Tel: 857-488-4261
Fax: 857-401-3090
smcowley@duanemorris.com
gmplus@duanemorris.com

Kyle J. Steinmetz, *admitted pro hac vice*
Mayer Brown LLP

>71 S. Wacker Drive
>Chicago, IL 60606
>Tel: 312-701-8547
>ksteinmetz@mayerbrown.com

## **CERTIFICATE OF SERVICE**

I, Kyle J. Steinmetz, an attorney admitted *pro hac vice* in this matter, do hereby certify that on May 18, 2020, I caused a copy of the following to be served via the ECF system upon:

William W. McDermet IV
4 Second Street
Ipswich, MA 01938-2128
Xebec2718@gmail.com

                                                    /s/ Kyle J. Steinmetz

## **CERTIFICATE OF COMPLAINCE**

I, Kyle J. Steinmetz, an attorney admitted *pro hac vice* in this matter, do hereby certify that on May 13, 2020, I met and conferred with Plaintiff via email regarding the contents of this motion, but was unable to reach an agreement regarding the issues raised in the motion.

/s/ Kyle J. Steinmetz