IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM MCDERMET,<br><br>    Plaintiff,<br><br>vs.<br><br>DIRECTV, LLC<br>THE DIRECTV GROUP, INC.<br>    Defendant. | C.A. No. 1:19-cv-11322-FDS |

### **DEFENDANTS DIRECTV LLC AND THE DIRECTV GROUP INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants DIRECTV, LLC and The DIRECTV Group Inc. (collectively "DIRECTV") respectfully submit this Notice of Supplemental Authority regarding *Moore v. Charter Communications, Inc.*, 2020 WL 6287403 (N.D. Ill. October 27, 2020) (attached hereto as Exhibit A) in support of their motion for summary judgment in the present case.

The plaintiff in *Moore* sought to hold a telecommunications company vicariously liable under the Telephone Consumer Protection Act ("TCPA") for calls allegedly made by a third-party authorized retailer selling its service. *Id.* at *1. Charter moved to dismiss the claims for lack of jurisdiction and, as part of that motion, argued that the plaintiff had not plausibly pled that the retailer could have acted as an agent of Charter while engaging in telemarketing. *Id.* at *3.

The court agreed. In doing so, it rejected plaintiff's argument that the retailer had "implied authority" from Charter to engage in telemarketing, when such conduct was forbidden by the parties' agreement and plaintiff pled no facts showing that retailer could have believed that Charter consented to the retailer violating their agreement. *Id.* at *4. The court further rejected plaintiff's argument that he had pled that the retailer acted with apparent authority, since he failed to allege he relied on any apparent authority. *Id.* at *5. Finally, the court rejected plaintiff's assertion that

Charter ratified the retailer's telemarketing, because plaintiff could not point to any benefit that Charter allegedly accepted with respect to the specific conduct related to the plaintiff himself. *Id.* at \*6.

As described in Sections A(1)-(3) of DIRECTV's motion for summary judgment, this case raises similar issues regarding agency as the decision in *Moore* and McDermet has similarly failed to introduce evidence that could support the finding of an agency relationship between DIRECTV and its independent retailers.

Dated this 9th day of November, 2020

DEFENDANTS, by their attorneys

/s/ Kyle J. Steinmetz

Steven M. Cowley BBO # 55434
Gina M. Puls BBO # 697122
Duane Morris LLP
100 High Street, Suite 2400
Boston, MA 02110-1724
Tel: 857-488-4261
Fax: 857-401-3090
smcowley@duanemorris.com
gmplus@duanemorris.com

Kyle J. Steinmetz, *admitted pro hac vice*
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
Tel: 312-701-8547
ksteinmetz@mayerbrown.com

**<u>CERTIFICATE OF SERVICE</u>**

I, Kyle J. Steinmetz, an attorney admitted *pro hac vice* in this matter, do hereby certify that on November 9th, 2020, I caused a copy of the following to be served via the ECF system upon:

William W. McDermet IV
4 Second Street
Ipswich, MA 01938-2128
Xebec2718@gmail.com

/s/ Kyle J. Steinmetz